O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE ALFREDO OCHOA MORANDO, | ) | NO. EDCV 09-569-MMM (MAN) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER DISMISSING |
| | ) | |
| v. | ) | COMPLAINT WITH LEAVE TO AMEND |
| | ) | |
| JOHN F. SALAZAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 23, 2009, Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). Pursuant to the provisions of the Prison Litigation Reform Act of 1995, Congress has mandated that courts perform an initial screening of civil actions brought by prisoners with respect to prison conditions and/or which seek redress from a governmental entity or officer or employee of a governmental entity. This Court "shall" dismiss such a civil action brought by a prisoner before service of process if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint is "frivolous" if it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). A claim lacks an arguable basis in fact if its factual allegations are clearly "fanciful," "fantastic," or "delusional" in nature. Id. at 325, 328, 109 S. Ct. at 1832, 1833; Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 1733 (1992). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Id. at 32-33, 112 S. Ct. at 1733. Although the Court must accept as true allegations that are merely improbable, it need not accept as true allegations that are factually frivolous under the above standards. Id. at 33, 112 S. Ct. at 1733.

In screening a *pro se* complaint, the Court must construe it liberally and must afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also* Karim-Panahi, 839 F. 2d at 623 (*pro se* litigant must be given leave to amend complaint unless it is absolutely clear that its deficiencies cannot be cured by amendment); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)(same).

**ALLEGATIONS OF THE COMPLAINT**

Plaintiff is incarcerated at Chuckawalla Valley State Prison ("Chuckawalla"). (Complaint at 1.) The Defendants are the following persons: Rosa Garcia ("Garcia"), who is alleged to be the Warden of

2

Centinela State Prison ("Centinela"); John F. Salazar ("Salazar"), who is alleged to be the Warden of Chuckawalla; and D.O. Reo ("Reo"), who is alleged to be the Warden of Ironwood State Prison ("Ironwood"). (*Id.* at 3-4.) The Defendants are sued in their official capacities. (*Id.*) The events forming the basis for the Complaint are alleged to have occurred during the period 1991 through the present. (*Id.* at 2-3.)

The Complaint is lengthy (83 pages), and the majority of its handwritten text is vague, garbled, rambling, and substantially unintelligible. Hence, it is exceedingly difficult to ascertain the nature of Plaintiff's allegations and claims. Construing the language of the Complaint liberally, it appears that Plaintiff asserts the following:

In Claim 1, Plaintiff alludes to unspecified false testimony, false evidence, abuses of authority, defamation, extortion, and discrimination. He refers to an assault and an illegal arrest in 1991 and 1992, and appears to assert that an FBI agent's revolver discharged, shooting Plaintiff in the back, while the FBI agent was attempting to arrest Plaintiff.[1] He states he is being held "long time more years." Plaintiff also alludes to one or more incidents at Centinela, in which

---

[1] Plaintiff has been a frequent litigant in this District Court as well as in other District Courts, and pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the court files for Plaintiff's various actions. Among other things, those records show that Plaintiff sustained a state criminal conviction in 1992, in Los Angeles Superior Court Case No. KA019376, and is serving concurrent sentences of life plus four years. (*See* Case No. SACV 98-788-GLT (MAN), in which Plaintiff's 28 U.S.C. § 2254 habeas petition challenging his 1992 Los Angeles Superior Court conviction was dismissed with prejudice as untimely.)

1  unspecified persons allegedly attempted on unspecified dates to smother
2  him with a pillow and cut his neck with a "long knife" and/or a chain.
3  Plaintiff further refers to an unspecified person using a "firegun" to
4  shoot him in the head and leg in 1991.  Finally, Plaintiff refers to
5  "black men violation to hold me in my personal property residencial
6  [*sic*] for long time." (Complaint at 5-6.)  It is unclear whether Claim
7  I is asserted against all three Defendants or only some of them, given
8  that the Claim I allegations do not actually refer to any of the
9  Defendants. (*Id.*)

11     In Claim 2, Plaintiff refers to Centinela and alleges that
12  unspecified persons held him on an unspecified date and inserted a "long
13  knife," "three inches" or "four inches," into his stomach in an effort
14  to kill him. (Complaint at 7.)  Claim 2 also does not reference any of
15  the three Defendants. (*Id.*)

17     In Claim 3, Plaintiff again refers to Centinela and the year 1995,
18  and alleges that unspecified persons used a "long knife" to cut two
19  inches into his heart.  Plaintiff further alleges that unspecified
20  persons shot him on an unspecified date in his left shoulder.
21  (Complaint at 8.)  Claim 3 does not reference any of the Defendants.
22  (*Id.*)

24     In Claim 4, Plaintiff references Ironwood and the year 1999, and
25  alleges that unspecified persons used a plastic bag to cover his head
26  to smother him.  Plaintiff further alleges that a "black man" held him,
27  and a "white man" shot him in the head. (Complaint at 9.)  Claim 4 does
28  not reference any of the Defendants. (*Id.*)

4

In Claim 5, Plaintiff references Centinela and the years 1991 and 1995, and alleges that unspecified persons shot him in the head, attacked him with "baston cachiporra's" [*sic*],[2] and "violently" rushed him, causing him to hit his head and cut his back. (Complaint at 9.) Claim 5 does not reference any of the Defendants. (*Id.*)

Over the next 64 pages of the Complaint, Plaintiff repeats varying versions of these same cryptic allegations at least 33 times, interspersing these repeated allegations with brief discussions of the law pertaining to assault, battery, and other torts under the state law of, *inter alia*, Alabama, California, Connecticut, Florida, Kansas, Kentucky, Illinois, Iowa, Louisiana, and Maryland. (Complaint at 10-74.)

The Complaint is unsigned and does not contain any prayer for relief. (Complaint, *passim*.) In an appended civil cover sheet, Plaintiff states that he demands "1,7000 million's."

**DISCUSSION**

The Complaint suffers from a number of defects, each of which must be corrected before this action can proceed.

---

[2] A "cachiporra" is a bludgeon, club, or blackjack. *See* http://www.merriam-webster.com/spanish/cachiporras (definition found in Merriam-Webster Online).

5

I. **PLAINTIFF MUST COMPLY WITH RULES 8, 10, AND 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**.

The Complaint is unsigned. Pursuant to Rule 11(a) of the Federal Rules of Civil Procedure, every pleading must be signed by a party personally, if the party is proceeding *pro se*. Local Rule 11-1 contains the same requirement. Plaintiff's failure to sign the Complaint violates Rule 11(a) and Local Rule 11-1. Any First Amended Complaint filed by Plaintiff must be signed by him.

The caption of the Complaint lists only one defendant, Salazar. (Complaint at 1). Rule 10(a) of the Federal Rules of Civil Procedure requires that the name of each defendant be included in the caption of the complaint. Fed. R. Civ. P. 10(a); *see also* Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992); Local Rule 11-3.8. In addition, Rule 10(b) requires that a plaintiff state his "claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." In addition, under Rule 10(b), "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." The Complaint plainly violates this Rule, especially through Plaintiff's combination of apparently separate incidents in particular counts and then his repetition of many allegations over and over again throughout 60-plus pages. If Plaintiff files a First Amended Complaint, he must comply with Rule 10(a) and (b).

Under Rule 8(a)(3) of the Federal Rules of Civil Procedure, a complaint must include a demand for the relief sought. As noted above,

1 the Complaint does not contain such a demand.  Although Plaintiff
2 indicated his desire to receive substantial monetary damages in a civil
3 cover sheet form, he has not alleged the relief sought in the Complaint
4 itself, in violation of Rule 8(a)(3).  In any amended complaint he may
5 file, Plaintiff must comply with Rule 8(a)(3).

7     Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a
8 complaint shall set forth "a short and plain statement of the claim
9 showing that the pleader is entitled to relief."  "Each allegation must
10 be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  The required
11 statement, under Rule 8(a), "must simply 'give the defendant fair notice
12 of what the plaintiff's claim is and the grounds upon which it rests.'"
13 Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998
14 (2002)(citation omitted); *see also* Bell Atlantic Corporation v. Twombly,
15 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007).

17     Plaintiff's Complaint fails to comply with this liberal standard.
18 The Complaint is not "short" and is hardly "plain."  The Court has
19 labored to decipher the prolix and incoherent allegations of the
20 Complaint but still lacks a clear understanding of Plaintiff's claims.
21 As in Schmidt v. Hermann, 614 F.2d 1221 (9th Cir. 1980), "[f]rom a
22 practical viewpoint, it is impossible to designate the cause or causes
23 of action attempted to be alleged in the complaint."  *Id*. at 1223-24
24 (affirming the dismissal of a complaint that was "confusing,
25 distracting, ambiguous, and unintelligible").

27     Although the Court assumes that Plaintiff is complaining about the
28 above-described assaults, this is far from clear.  Plaintiff continues

7

his practice -- exhibited in his prior actions in this District Court -- of including, in the midst of his allegations, random and jumbled snippets of quotations from or descriptions of cases or statutes. At the same time, he fails to set forth anything approaching a short and plain statement of the *facts* giving rise to any claim and the purported bases of Defendants' liability with respect to such claim. However liberally the Court construes Plaintiff's allegations, it cannot discern any actual claim(s) pleaded against anyone. The Court simply cannot determine from the allegations of the Complaint why any of the Defendants has been sued and for what relief or on what theory. It is Plaintiff's responsibility to plead his claims through short and plain allegations; neither the Court nor the Defendants can be compelled to review rambling, repetitive, incoherent, and lengthy allegations in an attempt to discover both the number of Plaintiff's claims and their factual bases.

In addition, as described earlier, Plaintiff appears to complain of having been shot in the head numerous times since 1992, as well as having been shot repeatedly in the back, leg, and shoulder. He claims to have been stabbed in the heart and stomach and to have been smothered with a pillow on one occasion and with a plastic bag on another. He claims to have been cut in the neck with a knife and a chain. He claims to have been assaulted with batons and cachiporras. As currently set forth, plaintiff's vague allegations of ongoing injuries, many of which presumably would have ended his life, may fairly be characterized as

factually frivolous.[3]  Denton, 504 U.S. 25, 32-33, 112 S. Ct. at 1733; Neitzke, 490 U.S. at 325, 109 S. Ct. at 1831.

In any event, whatever the factual merit of Plaintiff's allegations, they do not fairly apprise Defendants of the nature of the claims against them.  See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).  Accordingly, the Complaint fails to meet the requirements of Rule 8(a)(2), and its dismissal on that basis is warranted.  In any First Amended Complaint he files, Plaintiff must comply with Rule 8(a)(2).  Among other things, for each claim alleged, Plaintiff must identify the federal constitutional right allegedly violated, state how each Defendant violated that right, and explain how Plaintiff was injured by the alleged violation.

## II. **THIS IS NOT THE CORRECT VENUE FOR PLAINTIFF'S CLAIMS AGAINST GARCIA BASED ON EVENTS AT CENTINELA.**

The Complaint's allegations appear to rest, in substantial part, on events that are claimed to have taken place at Centinela.  Defendant Garcia is alleged to be the Warden of Centinela.  However, Centinela is

---

[3] The Court notes that other District Courts faced with these same allegations by Plaintiff have found them to be frivolous within the meaning of Neitzke, supra, and 28 U.S.C. § 1915A(b)(1), and have dismissed the actions in which they were asserted as a result.  See, e.g., Morando v. Salazar, CV 07-1168-DMS (JMA) (S.D. Cal.), June 29, 2007 Order Sua Sponte Dismissing Complaint Without Leave To Amend As Frivolous Pursuant to 28 U.S.C. § 1915A(b), and Morando v. Salazar, CV 06-2492-IEG (RBB) (S.D. Cal.), November 29, 2006 Order Sua Sponte Dismissing Complaint Without Leave To Amend As Frivolous Pursuant to 28 U.S.C. § 1915A(b).  While this Court is affording Plaintiff leave to amend, Plaintiff is cautioned that the continued allegation of frivolous matters will result in a recommendation that this action be dismissed pursuant to 28 U.S.C. § 1915A(b).

1  located within the boundaries of the United States District Court for
2  the Southern District of California and lies outside the boundaries of
3  this District Court.

5  Accordingly, this Court is not the proper venue for Plaintiff's
6  claims (whatever they may be) against Defendant Garcia based on events
7  that occurred at Centinela. Accordingly, those claims must be dismissed
8  without leave to amend.

10 **III. PLAINTIFF'S APPARENT ATTACK ON HIS CONVICTION AND SENTENCE IS**
11 **NOT COGNIZABLE.**

13 As noted above, Plaintiff appears to contend that he was convicted
14 in 1992 as a result of false evidence and false testimony, and he is
15 being held past his appropriate release date (notwithstanding that he
16 is serving concurrent sentences of life plus four years). To the
17 extent, as it appears, that the Complaint seeks to challenge the
18 validity of Plaintiff's 1992 state conviction, any such challenge is
19 barred by the doctrine of Heck v. Humphrey, 512 U.S. 477, 114 S. Ct.
20 2364 (1994). Under Heck, federal courts must "consider whether a
21 judgment in favor of the plaintiff would necessarily imply the
22 invalidity of his conviction or sentence; if it would, the complaint
23 must be dismissed unless the plaintiff can demonstrate that the
24 conviction or sentence has already been invalidated." *Id.* at 486-87,
25 114 S. Ct. at 2372. A claim that Plaintiff was convicted based on false
26 evidence and false testimony would necessarily implicate the validity
27 of his conviction and, thus, is Heck-barred.

1    As Plaintiff's numerous prior proceedings in the Court establish,
2 neither his 1992 state conviction nor his sentence has been invalidated.
3 Accordingly, to the extent that any of the Complaint's allegations
4 purport to challenge the validity of Plaintiff's 1992 state conviction
5 and/or sentence, they are not cognizable, because they are barred by
6 Heck and must be dismissed without leave to amend.

**IV.   THE COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Section 1983 provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any . . . person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  As defined by the courts, a person "subjects" another to the deprivation of a constitutional right, within the meaning of Section 1983, if he or she does an affirmative act, participates in another's affirmative act, or omits to perform an act which he or she is legally required to do that causes the complained-of deprivation.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Thus, "[l]iability under Section 1983 arises only upon a showing of personal participation by the defendant."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

A supervisory official is liable only if he or she was personally involved in the constitutional deprivation, or if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  See Jeffers v. Gomez, 267 F.3d 895, 915 (9th

Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *see also* Cunningham v. Gates, 229 F.3d 1271, 1292 (9th Cir. 2000) (supervisors can be held liable for own culpable action or inaction in the training, supervision, or control of subordinates, or their acquiescence in a constitutional deprivation, or for other conduct showing reckless or callous indifference to the rights of others); Taylor, 880 F.2d at 1045 ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.").

As a threshold matter, the Complaint fails to identify any federal constitutional or statutory right Plaintiff possesses that was violated by the Defendants. That failing alone renders Plaintiff's Section 1983 claims defective. *See* West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254 (1988)(a Section 1983 plaintiff must "allege the violation of a right secured by the Constitution and the laws of the United States"). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff complains only of the alleged commission of state law torts, *to wit*, assault and battery. Section 1983, however, does not provide a cause of action for mere violations of state law. *See* Lovell v. Poway Unified School District, 90 F.3d 367, 370 (9th Cir. 1996)(an alleged violation of a state law which amounts to the deprivation of a state-created interest is not redressible by Section 1983); *see also* Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001).

1    In addition, Plaintiff does not allege that any of the named
2 Defendants did, or failed to do, anything. Rather, through a series of
3 unintelligible and repetitive allegations, he appears to complain about
4 assaults committed by other, unidentified persons. Plaintiff does not
5 indicate what, if anything, the named Defendants have to do with these
6 events, other than to repeat numerous times throughout the Complaint the
7 phrase "the official abuses the position and atoridad," without any
8 explanation or context. It is not even clear whether these assaults
9 occurred at the above-noted prisons or somewhere else or, indeed,
10 whether one or more of them occurred before Plaintiff was incarcerated,
11 given Plaintiff's references to 1991, which predated his trial and
12 conviction.

14    Rather, Plaintiff appears to seek to hold the Defendants liable
15 simply because they are or were Wardens at California state prisons in
16 which he was incarcerated. Holding any of the Defendants liable on this
17 basis would be an impermissible imposition of supervisory liability.
18 *See* Salmonte v. Frank, 2007 WL 496775, *3 (D. Hawaii 2007)("Mere general
19 responsibility for supervising the operation of a prison is insufficient
20 to establish that an individual personally participated in a
21 constitutional deprivation."). Plaintiff has not alleged that the
22 events of which he complains were the result either of a policy
23 implemented by any Defendant or of any inadequate training or
24 supervision for which any Defendant can be held responsible. Nor has
25 Plaintiff alleged that any Defendant personally participated or
26 acquiesced in the complained-of events. Thus, he has not stated any
27 basis for Defendants to be liable under Section 1983. *See* Redman, 942
28 F.2d at 1446 (supervisory liability requires causal connection between

the allegedly wrongful conduct and the purported constitutional violation); *see also* Mabe v. San Bernardino County, 237 F.3d 1101, 1109 (9th Cir. 2001).

The Complaint fails to state any cognizable basis for a Section 1983 claim. Accordingly, dismissal for failure to state a claim upon which relief can be granted is required.

**V.   THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES.**

The Defendants are alleged to be Wardens of State of California prisons. Plaintiff has sued the Defendants in their official capacities only. (Complaint at 3-4.)

Official capacity claims against state officials are merely another way of pleading a claim against the state itself. *See* Will v. Michigan Dep't. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989)("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.")(internal citation omitted). The Eleventh Amendment prohibits federal jurisdiction over claims against a state unless the state has consented to suit or Congress has abrogated the state's immunity. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100, 104 S. Ct. 900, 107-08 (1984). The State of California has not consented to be sued under Section 1983 in federal court, and the Supreme Court has held that Section 1983 was not intended to abrogate

a state's Eleventh Amendment immunity. <u>Dittman v. California</u>, 191 F.3d 1020, 1025-26 (9th Cir. 1999); *see* <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 n.17, 105 S. Ct. 3099, 3107 n.17 (1985). Thus, official capacity claims for damages are barred by the Eleventh Amendment. <u>Dittman</u>, 191 F.3d at 1026 ("[t]he Eleventh Amendment bars actions for damages against state officials who are sued in their official capacities in federal court"). In addition, the Supreme Court has held that a state official sued in his official capacity is not "a person" subject to suit under Section 1983 for purposes of a suit for damages. <u>Will</u>, 491 U.S. at 71 & n. 10, 109 S. Ct. at 2312 & n.10.

As noted earlier, Plaintiff has not included a prayer for relief in the Complaint but has indicated in a civil cover sheet that he seeks to recover monetary damages. He does not seek injunctive relief. Accordingly, Plaintiff's official capacity claims for damages against the three Warden Defendants are barred by the Eleventh Amendment. <u>Dittman</u>, 191 F.3d at 1026. In any amended complaint he may file, Plaintiff may sue the Warden Defendants only in their individual capacities to the extent that he seeks to recover damages from them.

**CONCLUSION**

For the foregoing reasons, the Complaint is dismissed: without leave to amend as to Plaintiff's allegations challenging his 1992 Conviction and sentence; without leave to amend as to defendant Rosa Garcia and Plaintiff's allegations regarding events that took place at Centinela; without leave to amend as to Plaintiff's official capacity allegations; and with leave to amend as to Plaintiff's remaining

allegations.  If Plaintiff wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint which attempts to cure the defects in the Complaint described herein.  The First Amended Complaint, if any, shall be complete in and of itself.  It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed.**

DATED: August 26, 2009.

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

allegations.  If Plaintiff wishes to pursue this action, he is granted thirty (30) days from the date of this Memorandum and Order within which to file a First Amended Complaint which attempts to cure the defects in the Complaint described herein.  The First Amended Complaint, if any, shall be complete in and of itself.  It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed.**

DATED: August 26, 2009.

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE